


# ERIE COUNTY SHERIFF'S OFFICE
## CIVIL ENFORCEMENT DIVISION

TIMOTHY B. HOWARD  
SHERIFF

MARK N. WIPPERMAN  
UNDERSHERIFF

To: JOSE CRESPO  
1580 AMHERST STREET APT 3  
BUFFALO, NY 14214

> Under New York State Civil Practice Law and Rules – section 523 (i) & 5240 you may apply to the court for an order to modify the income execution issued against you. You may wish to consult with an attorney if you think your earnings are exempt or that the income execution is otherwise improper.

**Date of Service:** DEC 11 2018  
**Subject:** INCOME EXECUTION - BOTH

**Sheriff's Docket Number:** 00421643

1511 SHERIDAN LLC  
Judgment Creditor  
vs.

JOSE CRESPO  
Judgment Debtor

| Amount due as of | 12/4/2018 |
|---|---|
| POUNDAGE | $548.34 |
| IX 1ST & 2ND STAGE | $70.00 |
| LEVY FEE | $10.00 |
| MILEAGE | $16.00 |
| Interest on PRINCIPAL | $5,996.91 |
| PRINCIPAL | $4,873.91 |
| Total | $11,515.16 |

**YOU ARE THE JUDGMENT DEBTOR ON THE ENCLOSED INCOME EXECUTION. PLEASE CAREFULLY READ THE INSTRUCTIONS IN THIS NOTICE AND IN THE EXECUTION ITSELF.**

The income execution requires that you begin to make installment payments equal to 10% of your gross earnings (i.e., before taxes) directly to the Sheriff's Civil Process Division, whether denominated as wages, salary, bonus, commission or other income from personal services, but no more than the federal garnishment limitations as set forth on the income execution.

Payments should be made every time you get paid and should be made by <u>money order or certified funds only</u>. Your remittances should be made payable to: **Erie County Sheriff's Office** and <u>MUST INCLUDE YOUR NAME AND SHERIFF'S DOCKET NUMBER</u>.

<u>Mail all payments to:</u>  
Erie County Sheriff's Office  
Civil Process Division  
Po Box 8000 Dept 831  
Buffalo, NY 14267

<u>Write your Sheriffs' docket number 00421643 and debtor name JOSE CRESPO on all remittances</u>

If you fail to make voluntary payment to the Erie County Sheriff's Office within 20 days from the above service date – or at any time your account reflects no remittance for a period of 20 days or more – the income execution will be served on your employer.

TELEPHONE: (716) 858-7606      FAX: (716) 858-7621      WEBSITE: WWW.ERIE.GOV/SHERIFF

Civil Court of the City of New York
County of Bronx

1511 SHERIDAN LLC

RECEIVED
ERIE COUNTY SHERIFF
CIVIL DIVISION

2018 NOV 29 AM 7:17

Against                              Plaintiff

JOSE CRESPO

Defendant(s)

| Court Index No. | 2890/05 |
| --- | --- |
| File No. | 241862 |

INCOME EXECUTION

The People of the State of New York

TO ANY ENFORCEMENT OFFICER, GREETING:

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Interest From |
| --- | --- | --- | --- | --- |
| Civil Court of the City of New York County of Bronx | 4/7/2005 | $4,873.91 | $4,873.91 | 4/7/2005 |

The judgment was recovered against     JOSE CRESPO
And transcribed with the county clerk(s) of  Bronx on 10/30/2018    defendant (judgment debtor)

WHEREAS, this execution is issued against JOSE CRESPO    defendant (judgment debtor)
Whose last known address is:    1580 AMHERST ST APT 3
                                 BUFFALO, NY   14214
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
   INSTALLS LLC
   241 MAIN ST #500
   ATTN: PAYROLL
   BUFFALO NY 14203

More than $            per week, to wit $            to be paid weekly installment of $         each:
Title or position         Soc. Sec. and/ pension No.                Bureau, Office or Subdivision
Badge No
                          REDACTED

You are directed to satisfy the judgment with interest together with your fees and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR 5231 and 15 U.S.C 1671, et. Seq.

**Direction to Judgment Debtor:** You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.

**Direction to the Employer:** You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
10/31/2018

Gutman, Mintz, Baker & Sonnenfeldt, LLP
813 Jericho Turnpike
New Hyde Park, N.Y. 11040
(516) 775-7007

*"Employer," herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules 5231 and 15 United State Code 1671 et seq.

I.   Limitation on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If judgment debtor's WEEKLY DISPOSABLE EARNINGS are less than the greater of thirty (30) times the current federal minimum wage ($7.25 per hour or $217.50*) or the New York State minimum wage for: SUNY employees ($13.50* per hour or $405.00) or companies with 10 or fewer employees in New York City ($12.00* per hour or $360.00*) or companies with more than 10 employees in New York City ($13.00* per hour or $390.00*) or the employees in Nassau, Suffolk and Westchester Counties ($11.00* per hour or $330.00*) or the employees in all other parts of New

**III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR 5231 (i) and CPLR 5240**

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should ac promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR 5231(i) MODIFICATION.** At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR 5240 MODIFICATION OR PROTECTIVE ORDER; SUPERVISION OF ENFORCEMENT.** At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure including the use of income executions.

*Based upon $7.25 federal minimum hourly wage effect July 24, 2009 and the New York State minimum hourly wages for SUNY Employees ($13.50); companies with 10 or fewer employees in New York City ($12.00); companies with more than 10 employees in New York City ($13.00); the employees in Nassau, Suffolk and Westchester Counties ($11.00); the employees in all other parts of New York State ($10.40); the New York State minimum wage for Fas Food Workers ($11.75); the New York City minimum wage for Fast Food Workers ($13.50); effective January 1 2018.
Note: Italicized language was added in accordance with the revisions to CPLR §5231(b) effective 1/1/09.

NOTICE: (CPLR § 5230 property execution notice may be technically required by CPLR § 5231(a).)
   Pursuant to CPLR § 5205(l), $2,750 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR § 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,750 in such an account.
   Pursuant to CPLR § 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

### Return (for Sheriff's or Marshal's Use Only)

☐ Fully Satisfied_____ 20___   ☐ Unsatisfied
☐ Partially satisfied_____ 20___  $_____
Because I was unable to find the Garnishee (the Employer) within my Jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on
                                                                   ☐ Marshal, City of _____
Date and Time Received:                           ☐ Sheriff, County of _____
                                    ☐ Constable of the City of   ☐Town  ☐Village of _____

### IMPORTANT NOTICE ABOUT FAST FOOD WORKERS

If the debtor is fast food worker, pursuant to 12 NYCRS 146-1.2, the New York State minimum wage for worker employed.
Outside New York City, is $11.75 per hour (X30=$352.00, X40=$470.00).
Inside New York City, is $13.50 per hours (X30=$405, X40=$540).

In Section I.B and C. and II (a),(b) and (c) of Blumberg form 439, 1-16, cross out the New York State Minimum wage and insert in the blank fields following, the appropriate minimum wages state above.

Helpful definitions are found at 12 NYCRR 146-3,13 fast food employee, as follows:
(a)"Fast Food Employee" Shall mean any person employed or permitted to work at or for a Fast Food Establishment by any employer where such person's job duties include at least one of the following: customer service cooking, food of drink preparation, delivery, security stocking supplies or equipment, cleaning or routine maintenance.

(b) "Fast Food Establishment shall mean any establishment in the state of New York: (a) which has as its primary purpose serving food or drink items; (c) which offers limited service; (d) which is part of chain; and (e) which is one of thirty (30) or more establishments nationally including: (1) an integrated enterprise which owns or operates thirty (30) or more such establishments in the aggregate nationally: or (ii) an establishment operated pursuant to a Franchise where the Franchisor and the Franchisee(s) of such Franchisor owns or operates thirty (30) or more such establishments in the aggregate nationally. "Fast Food Establishment" shall include such establishments located within non-Fast Food Establishments.

(c) "Chain" Shall mean a set of establishments which share a common brand, or which are characterized options for décor, marketing, packaging, products, and services.

(d) "Franchisee" shall mean a person or entity to whom a franchise is granted.
(e) "Franchisor" shall mean a person or entity who grants a franchise to another person or entity.
(f) "Franchise" shall have the same definition as set forth General Business Law Section 681.
(g) "Integrated enterprise" shall mean two or more entities sufficiently integrated so as to be considered a single employer as determined by application of the following factors; (1) degree of interrelation between the operation of multiple entities; (ii) degree to which the entities share common management; (iii) centralized control of labor relations; and (iv) degree of common ownership or financial control.