**AMENDED DECISION**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 39

---

1511 SHERIDAN LLC,

                              Plaintiff,

-against-

JOSE L. CRESPO,

                              Defendant.

Index No.: CV-002890-05/BX

DECISION AND ORDER

Cal. # 2
OSC Seq. #2

---

Hon. Verena C. Powell, J.C.C.

**Judgment against Defendant is vacated, all liens and income executions are vacated, all monies previously collected by Plaintiff from Defendant are to be returned forthwith, and the action is dismissed with prejudice.**

Defendant's motion, by order to show cause, seeking an order vacating this Court's default judgment entered on April 7, 2005, pursuant to CPLR § 5015(a)(4) for want of personal jurisdiction and dismissing the complaint pursuant to CPLR § 3211(a)(8) for the same reason, is granted after a traverse hearing.

<u>Procedural History</u>

This action began January 21, 2005, with the filing of the summons and complaint based upon an alleged breach of a lease agreement. A default judgment was entered against the Defendant on April 7, 2005, for failure to appear or answer the complaint. The matter was discontinued in August 2005 and deemed inactive by the court in September 2007. Thereafter, the file was archived until an income/property execution was returned unsatisfied on February 5, 2020. Between February 2020 and September 2021, the parties were in communication leading to the execution of a stipulation of conditional release on September 2, 2021, that allowed Plaintiff to withdraw twelve hundred dollars ($1,200.00) from Defendant's bank account and granted

Defendant access to that account. No funds were withdrawn by Plaintiff, nor did Defendant regain access to his bank account.

Defendant filed an order to show on November 4, 2021, seeking to vacate the default judgment and to dismiss the action for lack of personal jurisdiction. Alternatively, Defendant sought to vacate the judgment and deem the proposed answer timely served and filed. Judge Emily Morales-Minerva, in her November 22, 2021, decision and order, granted the motion pursuant to CPLR § 5015(a)(4) to the extent that a traverse hearing was scheduled. On February 18, 2022, all parties appeared before the Court except for the process server. Plaintiff submitted a stipulation of conditional release to the court and asked for a week to file an order to show cause. The court adjourned the matter to February 25, 2022, for Plaintiff to file an order to show cause. Plaintiff did not submit an order for the court's signature by February 25, 2022.[1]

## Standard of Review

As the Defendant has raised a jurisdictional objection pursuant to CPLR § 5015 (a)(4), the court is obligated to resolve the jurisdictional question first. *Roberts v. Anka*, 45 A.D.3d 752 (2d Dept. 2007), *lv dismissed* 10 N.Y.3d 851 (2008); see *Delgado v. Velecela*, 56 A.D.3d 515 (2d Dept. 2008); Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1, at 250. Once it is determined that the court has personal jurisdiction over the Defendant, it may then determine whether it is appropriate to grant a discretionary vacatur of the default under CPLR § 5015 (a)(1). *Roberts v. Anka*, supra.

It is Plaintiff's burden at a traverse hearing to establish personal jurisdiction by preponderance of the evidence, *Skyline Agency, Inc. v. Coppotelli, Inc.*, 117 A.D.2d 135 (2d Dept. 1986), and that burden never shifts. *Chaudry Const. Corp. v. James G. Kalpakis & Assocs.*, 60 A.D.3d 544 (1st Dept. 2009). Here, Plaintiff's process server filed an affidavit of service stating that on January 11, 2005, the summons and complaint were affixed to the apartment door of 1229 Franklin Avenue, Apt. BB, Bronx, New York, and a second copy mailed to the Defendant at the same address. A process server's affidavit of service constitutes prima facie evidence that service was proper. *CPLR § 308(2)*. However, that presumption is rebuttable, *63rd Street Realty, LLC v.*

---

[1] This court is the signature judge for orders to show, fee waivers and subpoenas for Term II of 2022.

*Yanush*, 2018 N.Y. Slip Op 50428 (App. Term 2018) but must consist of more than unsubstantiated denials of receipt of the summons and complaint. *David v. Singletary*, 180 A.D.3d 993 (2d Dept. 2020); *CPLR § 308(2)*; *Irwin Mortgage Corp. v. Devis*, 72 A.D3d 743 (2d Dept. 2010). If properly rebutted a traverse hearing is required. *CPLR § 308(4)*.

Defendant Crespo claims he was not served, either personally, by substitution, or by conspicuous service, in that he never lived at the address where service of process was made. He informed the court that the Franklin Avenue address was the home of his mother's former boyfriend. Crespo provided uncontroverted testimony of the addresses where he lived from 2002 to 2006, none of them being Franklin Avenue. Also casting doubt on the validity of the service is the date on which service was allegedly completed, January 11, 2005. The process server avers in his affidavit that service was completed on that date, predating the filing of the summons and complaint with the court by ten (10) days.[2] As service of process predated the filing of the summons and complaint with the clerk of the court, service was inadequate to give this court personal jurisdiction over the Defendant.[3] See, *CPLR § 304(a)*; *63rd Street Realty, LLC v. Yanush, supra*. See *CPLR 3211(a)(8)*.

Plaintiff did not produce either the process server or his records at the traverse hearing. Instead, Plaintiff offered the stipulation of conditional release in support of their case, alluding to the fact that a defect in personal jurisdiction may be waived where a party submits to the court's jurisdiction. *Lomando v. Duncan*, 257 A.D.2d 649 (2d Dept. 1999). In Loman, the defendant made a payment in partial satisfaction of a default judgment to secure a release of a lien on certain real property. In consideration of that payment, the plaintiff executed a partial satisfaction of judgment and released the lien on the real property. Unlike the defendant in *Lomando*, Crespo did not submit to the court's jurisdiction, nor did he offer to tender payment in partial satisfaction of the judgment, but only sought to regain access of his bank account. The funds in the account were a combination of unemployment benefits and emergency stimulus payments, both exempt from restraint, garnishment, and levy under New York law. *CPLR Article 52 et seq.*

---

[2] Previously a "commence by service" state, New York became a "commence by filing" state on July 1, 1992. See, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1, at 16.
[3] Additional evidence that service was attempted before filing is reflected on the affidavit of service. Neither the index number nor the date the action was filed with the court are noted on the affidavit.

Like the defendant Mamalakis in *HSBC Bank USA, N. A. v. A&R Trucking Co., Inc., et al.*, 66 A.D.3d 606 (1st Dept. 2009), Crespo only became aware of the default judgment when his bank account was levied upon, not when the judgment was entered. The court credits Defendant's explanation for the 19-month delay, from February 2020 to September 2021, in moving to vacate the judgment as he experienced both economic hardship and serious medical issues. The court also takes judicial notice of the Covid-19 pandemic which limited judicial proceedings for much of that period.

Plaintiff did not produce their process server or his records thus failing to sustain their burden. The court finds that Plaintiff's failure to properly serve the Defendant is fatal and divests this court of personal jurisdiction, warranting vacatur of the judgment and dismissal of the complaint pursuant to CPLR § 3211(a)(8).

It is hereby

ORDERED that this Court's judgment, entered on April 7, 2005, be vacated. It is further

ORDERED that any restraining orders, income executions or enforcement proceedings be vacated forthwith. It is further

ORDERED that all monies collected shall be returned to Jose L. Crespo within thirty (30) days. It is further

ORDERED that the complaint be dismissed with prejudice. It is further

ORDERED that Crespo serve a copy of this Order with Notice of Entry upon Plaintiff within thirty (30) days hereof.

This constitutes the Decision and Order of the Court.

Dated: March 8, 2022
Bronx, New York

_____
HON. VERENA C. POWELL, J.C.C.

ENTERED

MAR 11 2022

COURT
BRONX COUNTY