

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

> The Court will refer the parties to the mediation program by separate order.
> The deadline for filing any motion for summary judgment is adjourned, provided that the parties shall file a joint status letter by July 31, 2024, proposing a summary judgment briefing schedule if the case has not settled by that date.
> The Clerk is directed to terminate the motions at ECF Nos. 70 & 71.
> So ordered:  4/17/2024
>
> _____
> J. PAUL OETKEN
> United States District Judge

**VIA ECF**

Honorable J. Paul Oetken
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

  Re:  *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP.*
     Case No. 1:22-cv-6599-JPO

Your Honor:

  The law firm of Rivkin, Radler LLP represents Defendants Gutman, Mintz, Baker & Sonnenfeldt, LLP, ("Gutman"), Gary Thigpen, ("Mr. Thigpen"), and Eric Keilbach, (Mr. Keilbach"), (collectively "Gutman Defendants"), in the above referenced action.  Reference is made to Plaintiff's counsel's letter dated April 15, 2024.  *See, Dkt. # 70.*  I have had the opportunity to address Plaintiff's application with both my clients and my clients' carrier.  For the reasons set forth below, the Gutman Defendants do not oppose Plaintiff's application.

  The Gutman Defendants have always been willing to engage in good faith discussions concerning resolution of Plaintiff's claims.  Understanding the costs associated with litigating Plaintiff's claims, the Gutman Defendants from the outset of the filing of this action have been desirous of receiving a demand from Plaintiff's counsel and engaging, if possible, in good faith discussions towards that goal.  No demand has ever been presented.

  During the recent communications among counsel concerning mediation, the Gutman Defendants were not opposed to engaging in this process.  However, before my clients would agree to mediation, we wanted Plaintiff to present a demand.  We believed that this request was reasonable. Plaintiff's counsel would not provide a demand without a commitment to mediation.

  Nevertheless, Plaintiff's counsel's filing with the Court signals to my clients and their carrier that he will, in good faith, mediate his client's claims and endeavor to reach a reasonable resolution.  Accordingly, the Gutman Defendants do not oppose Plaintiff's application and if the Court is inclined to

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

April 16, 2024
Page 2

grant Plaintiff's request, the Gutman Defendants simply request that a demand be presented within one week of the Court's issuance of its Order.

                                                Respectfully Submitted,

                                                RIVKIN RADLER, LLP

                                                *Kenneth A. Novikoff*

                                                Kenneth A. Novikoff