UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOSE CRESPO,

                        Plaintiff,

-against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP,
GARY THIGPEN, ERIC KEILBACH, 1511 SHERIDAN
LLC, and HILLTOP MANAGEMENT GROUP LLC,

                        Defendants.

------------------------------------------------------------------X

1:22-cv-6599-JPO

**DEFENDANTS GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP, GARY THIGPEN and ERIC KEILBACK's RULE 56.1 STATEMENT**

Pursuant to Rule 56 (a)(1) of the Federal Rules of Civil Procedure, Defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP ("Gutman"), GARY THIGPEN ("Thigpen") and ERIC KEILBACH ("Keilbach"), (collectively "GMBS") respectfully submit the following statement of material facts as to which there is no genuine issue to be tried.

    1.    In 1999 Plaintiff rented an apartment located at 1521 Sheridan Ave., Bronx, NY, from 1511 Sheridan LLC. (*See* EBT of Jose Crespo at Ex.[1] "B", p. 29).

    2.    Beginning in February 2002, Plaintiff stopped making payments on his rent, and on October 2, 2002, 1511 Sheridan LLC commenced a lawsuit against Plaintiff for rental arrears in Bronx Civil Court, index number 83929/2002. ("First Lawsuit"). (*See* Petition in First Lawsuit at Ex. "C").

    3.    On August 4, 2003, Plaintiff voluntarily agreed to vacate the premises pursuant to a So-Ordered Stipulation of Settlement. (*See* August 4, 2003 So-Ordered Stipulation of Settlement at Ex. "D").

    4.    On January 21, 2005, 1511 Sheridan LLC commenced a second lawsuit against

---

[1] All Exhibits ("Ex.") referenced herein are attached to the Declaration of Kenneth A. Novikoff, dated August 28, 2024.

Plaintiff seeking $4,078.98 based upon allegations of unpaid rent from February 1, 2003, through October 31, 2003, in Bronx Civil Court, index number 2890/2005. ("Second Lawsuit"). (*See* Complaint in Second Lawsuit at Ex. "E").

5. In the Second Lawsuit, an affidavit of service was filed stating that Plaintiff was served pursuant to CPLR § 308(4) by affixing a copy of the Complaint to Plaintiff's residence and by mailing him a copy. (See Affidavit of Service at Ex. "F").

6. Plaintiff never answered the Complaint in the Second Lawsuit and on April 7, 2005, a judgment was entered against him in the amount of $4,873.91. (*See* April 7, 2005, judgment at Ex. "G").

7. On December 11, 2018, based upon the judgment in the Second Lawsuit, GMBS caused an income execution for $11,873.91 to be issued by the Erie County Sheriff's office. (*See* Income Execution at Ex. "H").

8. Between January 21, 2019, until November 10, 2019, Plaintiff had $1,458.30 garnished from his wages as the result of the income execution. (*See* Amended Complaint at Ex. "A" ¶ 58).

9. In 2019, Plaintiff did not take any action to challenge or dispute the income execution. (Ex. "B" at pp. 78-80).

10. On August 26, 2021, GMBS issued an information subpoena with a restraining notice on M&T Bank based upon the debt Plaintiff owed to 1511 Sheridan LLC. (*See* Information Subpoena and Restraining Notice at Ex. "H").

11. The restraint served by GMBS on M&T Bank states in bold and all caps, **"ACCOUNTS CONTAINING SOLELY EXEMPT FUNDS SHOULD NOT BE RESTRAINED."** (*See* Information Subpoena and Restraining Notice at Ex. "I").

12. On or about September 3, 2021, M&T Bank responded to the information subpoena and provided a response that listed Plaintiff's place of business as Install's LLC and indicated that he had $5,081.99 in his account. (*See* M&T Bank's response to the information subpoena at Ex. "J")

13. On September 2, 2021, and prior to the date M&T Bank responded to the information subpoena, Plaintiff called GMBS and spoke with Gary Thigpen regarding the restrained account. (*See* Ex. "B" at p. 173-174).

14. On September 2, 2021, GMBS made a partial settlement demand of $1,200 in return for releasing Plaintiff's M&T Bank account. (*See* Stipulation of Conditional Release at Ex. "K").

15. Plaintiff agreed to pay 1511 Sheridan $1,200 from his M&T Bank account as a partial settlement of the debt he owed and executed a stipulation of conditional release memorializing the same. (*See* Stipulation of Conditional Release at Ex. "K").

16. The release executed by Plaintiff states, "I Acknowledge the Judgment entered on 4/7/2005 under the instant index number. It is my intention to satisfy the judgment and do herby authorize the withdrawal of the amount shown above as partial payment towards satisfying the judgment." (*See* Stipulation of Conditional Release at Ex. "K").

17. On September 2, 2021, GMBS faxed M&T Bank the executed stipulation of conditional release. (*See* EBT of Gary Thigpen at Ex. "L," p. 66, 82-83).

18. Plaintiff testified that he contacted M&T Bank 1-2 times a week from September through November regarding the release of his account (Ex. "B" p 187).

19. Plaintiff testified that on or about September 20, 2021, he was advised by M&T Bank that M&T Bank needed GMBS to send it the conditional release. (Ex. B p. 188).

20. Plaintiff never advised GMBS that they needed to resend the conditional release to

M&T Bank. (Ex. "B" at p. 188-189).

21. Plaintiff testified that he received but never filed an exemption claim form. (Ex. "B," p. 189).

22. Plaintiff also testified that prior to October 27, 2021, he never sent GMBS any documentation concerning the money in his bank account being exempt. (Ex. "B," p. 189).

23. Plaintiff testified that he retained counsel at least one or two weeks before October 27, 2021 (Ex. "B" at p. 207, ln 24-25).

24. On October 27, 2021, counsel for Plaintiff emailed GMBS requesting that the funds from Plaintiff's M&T Bank account be released on the grounds that they were comprised solely of exempt funds. (*See* October 27, 2021, email chain at Ex. "M").

25. On October 27, 2021, Plaintiff's counsel provided GMBS for the first time with a copy of Plaintiff's M&T Bank account statements showing that all or at least most of the deposits made into the account were from exempt funds. (*See* October 27, 2021, email chain at Ex. "M").

26. In addition to the documentation, Plaintiff's counsel provided GMBS with a comprehensive analysis of Plaintiff's restrained bank account. (*See* October 27, 2021, email chain at Ex. "M").

27. On October 28, 2021, Eric Keilbach wrote to M&T Bank and requested that Plaintiff's account be released immediately without any garnishment. (*See* October 28, 2021, letter at Ex. "N").

28. On November 4, 2021, Plaintiff filed an order to show cause to vacate the default judgment in the Second Lawsuit. (See Plaintiff's Order to Show Cause at Ex. "N").

29. The November 4, 2021, order to show cause was drafted with the assistance of counsel. (See Amended Complaint at Ex. "A" ¶ 90).

30. On March 11, 2022, an order was entered that vacated the judgment on the grounds that service of process was improper. (*See* March 11, 2022, Order at Ex. "O").

31. 1511 Sheridan LLC is the only defendant to the present action that was a party to the Second Lawsuit. (*See* March 11, 2022, Order at Ex. "O").

32. The March 11, 2022, Order was served with notice of entry on March 17, 2022. (*See* March 11, 2022, Order at Ex. "O").

Dated: Uniondale, New York
       August 28, 2024

                                Respectfully submitted,

                                RIVKIN RADLER LLP
                                Attorneys for Defendants'
                                *Gutman, Mintz, Baker & Sonnenfeldt, LLP,*
                                *Gary Thigpen and Eric Keilback*

                       By:   */s/ Kenneth A. Novikoff*
                                KENNETH A. NOVIKOFF (KAN-0350)
                                926 RXR Plaza
                                Uniondale, New York 11556-0926
                                (516) 357-3000
                                File No. 474/40

TO:
Ahmad Keshavarz, Esq.
The Law Office of
Ahmad Keshavarz
16 Court Street
Brooklyn, N.Y. 11241
(718) 522-7900

4877-8523-1540, v. 2