UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE CRESPO,

                          Plaintiff,

-against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP,
GARY THIGPEN, ERIC KEILBACH AND 1511
SHERIDAN LLC,

                          Defendants.

------------------------------------------------------------X

Docket No.: 22-cv-06599

**DECLARATION OF
GARY THIGPEN**

I, Gary Thigpen, declare under the penalty of perjury, pursuant to pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an employee with the law firm of Gutman, Mintz Baker & Sonnenfeldt, LLP, ("Gutman"), and a named Defendant in the above referenced action.

2. I submit this declaration in opposition to Plaintiff's motion for summary judgment and in further support of Defendant's motion for summary judgment.

3. Contrary to Plaintiff's position in his motion papers, I have never advised a judgment debtor, including Jose Crespo, that the "only way" to get a restrained bank account released would be to execute a conditional release.

4. Additionally, contrary to Plaintiff's self-serving claim, I do not try to intimidate, be "forceful" or otherwise be "rude" to judgment debtors when speaking with them.

5. On September 2, 2021, Plaintiff called Gutman concerning his claim that M&T Bank had restrained one of his bank accounts in response to an Information Subpoena and Restraining Notice that GMBS had sent to M&T Bank. At the time of this call, GMBS had not yet received a response to the Information Subpoena from M&T Bank.

6. It was Plaintiff that initiated the phone call. GMBS does not, on behalf of its clients, initiate calls with judgment debtors. Under appropriate circumstances, if a judgment debtor calls concerning a debt owed to one of GMBS' clients, I attempt, in compliance with all applicable laws, to get some payment from that debtor.

7. When a judgment debtor appears willing to negotiate a full or partial payment of his debt, I do not question the debtor's motivations or try to dissuade the debtor from making a payment on his debt.

8. Instead, I listen to the debtor's request to settle his debt and attempt to negotiate the best settlement for GMBS' client, the Judgement Creditor. In the negotiations, I do not tell the debtor what he should do. I try to keep the conversation limited to facts and do not make any false, misleading or deceptive statements concerning any aspect associated with my collection efforts

9. Regarding Mr. Crespo, based upon my review of the notes in our system, he and I negotiated the release of his restrained account for the payment of $1,200 towards his debt.

10. Based upon Plaintiff's agreement to this payment, which would have come from the restrained account, and at Plaintiff's request, I provided him with a Conditional Release to execute. This Conditional Release provided, in part, that: "I Acknowledge the Judgment entered on 4/7/2005 under the instant index number. It is my intention to satisfy the judgment and do herby authorize the withdrawal of the amount shown above as partial payment towards satisfying the judgment."

11. Plaintiff promptly executed the Conditional Release and sent it back to me. Upon receipt, I had the conditional release immediately faxed to M&T Bank.

12. At the time the Conditional Release was agreed upon, I did not know, (and could not know), if the money in the restrained M&T Bank account was solely from exempt funds.

13. Prior to agreeing and executing the Conditional Release, Plaintiff had not provided GMBS with an Exemption Claim Form, or any documentary evidence, such as bank statements, that demonstrated his account contained only exempt funds.

14. I do not accept merely the "word" of any Judgment Debtor that funds restrained are "exempt." Over the course of my more than 30 years in the collection industry, I have been lied to on many occasions. Until a Judgment Debtor provides the necessary documentary proof that the funds restrained are exempt from involuntary collection, I continue with my lawful efforts to collect on an outstanding debt.

Dated: October 16, 2024

_____
Gary Thigpen

4877-3235-5568, v. 1